IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERICK JAVIER SANTOS BEY, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-21-2705 |
| STATE OF MARYLAND and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM OPINION

In this petition for a writ of habeas corpus, Erick Javier Santos Bey, a pretrial detainee confined at the Charles County Detention Center, is challenging the decision to deny him bail in case C-08-CR-21-287 in the Circuit Court for Charles County, Maryland. He claims he was denied due process at his September 23, 2021 bail hearing. Petition, ECF 1, ECF 1-3 at 1.

Pretrial federal habeas relief is available if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). A petitioner must exhaust all available state court remedies before seeking habeas corpus relief in this Court. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas

relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

In Maryland, "[a] judge of the circuit court for a county, of the Court of Special Appeals, or of the Court of Appeals has the power to grant the writ of habeas corpus and exercise jurisdiction in all matters pertaining to habeas corpus." Md. Code Ann., Cts. & Jud. Proc., § 3-701.  Where, as here, disposition of the criminal case is yet to take place and there has been no appellate review of Petitioner's constitutional claims.  Thus, there remain avenues for him to raise his contentions without harm to his constitutional rights.  The Petition, which is premature, must be dismissed without prejudice.  A separate order follows.


November 2, 2021                                    /S/
Date                                                Paul W. Grimm
                                                    United States District Judge